[Dkt. Nos. 31, 37]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

CHRISTOPHER FLAHERTY,

              Plaintiff,

    v.

GUALA PACK NORTH AMERICA,
INC., et al.,

            Defendants.

Civil No. 17-8895(RMB/JS)

**OPINION**

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon the filing of motions by Defendants GEA Process Engineering, Inc. ("GEA"), [Dkt. No. 31], and Clayton H. Landis, Inc. ("CHL" and collectively with GEA, the "Moving Defendants"), [Dkt. No. 37], seeking the dismissal of Plaintiff Christopher Flaherty's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] For the following reasons, the Moving Defendants' motions will be

---

[1] On August 2, 2018, CHL filed a letter with the Court indicating that its motion was unopposed and inquiring as to the status of the motion. [Dkt. No. 53]. While it is true that Plaintiff did not file an opposition to CHL's motion, he did file an opposition to GEA's motion, which was filed before CHL's motion and to which CHL's motion is identical. Accordingly, the Court will construe Plaintiff's opposition to GEA's motion as an opposition to both motions.

GRANTED, and Plaintiff's claims against the Moving Defendants will be DISMISSED.

### I.   Background

Plaintiff, at the time he suffered the injuries that form the basis of this action, was a 52 year-old employee of Shelby Mechanical, Inc. ("Shelby"). (Am. Compl. ¶ 9, 31). Defendant LiDestri Foods, Inc. ("LiDestri") is a food, drink, and spirit manufacturer. (Id. ¶ 2). Defendant GEA is an engineering company that, among other things, sells and installs aseptic filling systems for beverage manufacturers and bottlers. (Id. ¶ 3). In March 2015, LiDestri purchased an "ECOSpin 2 Aseptic Filler" (the "Filler"), an "extremely large and heavy" piece of equipment, from GEA. (Id. ¶¶ 2, 10).

In the course of his employment for Shelby, Plaintiff was tasked with assisting with the installation of the Filler at LiDestri's food processing facility at 1550 John Tipton Boulevard, Pennsauken, New Jersey. (Id. ¶ 9). Defendant CHL was hired to provide a project manager to manage the day-to-day responsibilities for the installation of the Filler. (Id. ¶ 12). Two individuals, who Plaintiff only identifies as Luciano and Massimo, and who Plaintiff avers did not speak English, were

also part of the crew working on the installation. (Id. ¶¶ 6, 14).[2]

On August 25, 2015, at the direction of either GEA, CHL, or LiDestri, Plaintiff lifted the Filler, or a one-ton portion thereof, with a hydraulic jack. (Id. ¶ 19). At the same time, portions of the Filler were sitting on dollies on an uneven and sloped surface. (Id. ¶¶ 20-21). Plaintiff was ordered to stop raising the Filler and when he did so the Filler slipped off the dollies and landed on Plaintiff's leg, trapping Plaintiff under it and breaking his leg in multiple places. (Id. ¶¶ 24, 28). Plaintiff underwent an open reduction and hardware fixation surgery to repair the breaks to his leg and was hospitalized for a week. (Id. ¶ 29). He has been unable to work since this occurred. (Id. ¶ 31).

Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, on August 24, 2017 (No. L-3318-17).[3] (Notice of Removal ¶ 1)[Dkt. No. 1]. In his Complaint, Plaintiff alleged negligence against LiDestri; Cheer Pack North America, LLC ("Cheer Pack"); Guala Pack North America, Inc. ("GPNA"); Gualapack S.p.A. ("Guala Pack"); Massimo Annaratone; and "Luciano" whose last name was

---

[2] Plaintiff believes these individuals are employed by GEA.
[3] Plaintiff's Complaint was filed on the day before the expiration of the statute of limitations.

unknown to Plaintiff (collectively, the "Original Defendants").
(Compl. ¶¶ 2-7, 37-83, Notice of Removal, Exhibit I). On October
23, 2017, LiDestri, Cheer Pack, GPNA, and Guala Pack removed
this action to this Court on the basis of diversity of
citizenship. (Notice of Removal ¶ 1, 4-6); 28 U.S.C. § 1332; 28
U.S.C.§ 1441; 28 U.S.C. § 1446.

On December 8, 2017, Plaintiff filed his Amended Complaint,
asserting negligence claims against LiDestri; GEA; CHL; and John
Doe Defendants 1-5. Specifically, Plaintiff alleges that
LiDestri, GEA, and CHL, who all played some role in the
installation of the Filler, failed to follow or enforce proper
safety precautions during the installation of the Filler.
Plaintiff's addition of these new defendants—GEA and CHL—is the
basis for the currently pending motions to dismiss.[4]

On December 29, 2017, in accordance with this Court's
Individual Rules and Procedures, GEA filed a letter seeking a
pre-motion conference concerning its intention to file a motion
to dismiss Plaintiff's claims against it as untimely. [Dkt. No.
21]. On February 7, 2018, the Court held a telephonic conference
during which counsel for Defendants GEA and CHL presented their

---

[4] There have also been cross-claims and third-party complaints
filed against both of the Moving Defendants. Neither GEA or CHL
seeks the dismissal of such claims and complaints. (See GEA Br.
in Support of Mot. to Dismiss at 1 n.1; CHL Br. in Support of
Mot. to Dismiss at 1 n.1).

arguments concerning the untimeliness of Plaintiff's claims against them. During this conference, the Court inquired as to whether some limited discovery may be necessary, and whether the questions anticipated to be presented in the Moving Defendants' motions may be better suited for summary judgment. Nevertheless, the Court instructed the Moving Defendants to file their motions to dismiss.

GEA filed its motion on February 8, 2018. [Dkt. No. 31]. CHL filed its identical motion on February 14, 2018. [Dkt. No. 37].

## II.  Legal Standards

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

5

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Generally, a statute of limitations defense may only be raised by way of motion under Rule 12(b)(6) where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted). If "the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (internal quotations omitted).

**III. Analysis**

At issue here is whether New Jersey's two-year statute of limitations for personal injury cases, N.J.S.A. 2A:14-2(a), bars Plaintiff's claims against the Moving Defendants. The Moving Defendants present the same argument in their respective motions, and the Court will address them together. First, they argue that Plaintiff's claims against them are time barred. Second, the Moving Defendants argue that Plaintiff's failure to name them as defendants within the period provided by the statute of limitations cannot be cured by "relation back" because Plaintiff did not name any fictitious "John Doe" defendants in his initial Complaint as required by New Jersey Court Rule ("N.J. Ct. R.") 4:26-4.

      A. <u>Plaintiff Added the Moving Defendants After the Statute of Limitations Had Run</u>

Plaintiff asserts claims for negligence against both of the Moving Defendants. New Jersey has a two-year statute of limitations for personal injury actions. N.J.S.A. 2A:14-2(a). Plaintiff sustained the injury out of which this case arises on August 25, 2015. The Moving Defendants were not added as parties until the Amended Complaint was filed on December 8, 2017, over two years after the accident. Thus, it is clear from the face of the Amended Complaint that Plaintiff's claims against the Moving Defendants were not brought within the statute of limitations.

See Schmidt, 770 F.3d at 249. Accordingly, unless they "relate
back" to the date on which the Complaint was filed in state
court, August 24, 2017, or the statute of limitations was tolled
in some other way, Plaintiff's claims must be dismissed.

B. Plaintiff's Claims Against the Moving Defendants do
not Relate Back to the Date of Plaintiff's Complaint

Plaintiff argues that despite the apparent untimeliness of
his addition of the Moving Defendants as parties in this matter,
his claims against them should survive dismissal because they
"relate back" to the date he filed his Complaint in state court.
Federal Rule of Civil Procedure 15(c) controls the issue of
"when an amended pleading 'relates back' to the date of a timely
filed original pleading and is thus itself timely even though it
was filed outside an applicable statute of limitations." Krupski
v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010).

Rule 15(c)(1)(A) provides that an amendment to a pleading
relates back to the date of the original pleading when "the law
that provides the applicable statute of limitations allows
relation back." See DeRienzo v. Harvard Indus., Inc., 357 F.3d
348, 353 (3d Cir. 2004)(citations omitted)("The court may apply
the state law that establishes the limitations period to
determine whether relation back is permissible."). This rule
"allows state relation back law to govern a state claim in
federal court if state law 'affords a more forgiving principle
of relation back than the one provided by [Rule 15(c)]." Zurich

8

Reinsurance (UK) Ltd. v. York Int'l Corp., No. CIV. A. 98-539
(JEI), 1998 WL 226298, at *3 (D.N.J. Apr. 29, 1998)(alterations
in original)(citing Fed. R. Civ. P. 15(c), Advisory Committee
Notes, 1991 Amendment)(additional citations omitted). In other
words, where the statute of limitations at issue is established
by state law, "section 15(c)(1)(A) . . . gives a party the
benefit of whichever standard for relation back[, state or
federal,] is most lenient." Anderson v. Bondex Int'l, Inc., 552
F. App'x 153, 157 (3d Cir. 2014). There are two provisions of
New Jersey law potentially applicable here: N.J. Ct. R. 4:26-4
(the "fictitious party rule") and N.J. Ct. R. 4:9-3, New
Jersey's general relation back rule. As discussed below, N.J.
Ct. R. 4:9-3 is nearly identical to Fed. R. Civ. P. 15(c)(1)(C).

The fictitious party rule allows a plaintiff to sue a
defendant whose "true name is unknown to the plaintiff . . .
under a fictitious name, stating it to be fictitious and adding
an appropriate description sufficient for identification." In
order for N.J. Ct. R. 4:26-4 to apply, the plaintiff must have,
among other things, (1) included fictitious name defendants in
his pleadings and (2) appended to such fictitious name
designations "an appropriate description sufficient to identify"
the defendants. DeRienzo, 357 F.3d at 353. With regard to the
Moving Defendants, Plaintiff did neither. He brought suit
against LiDestri, Cheer Pack, GPNA, Gualapack, Massimo

9

Annaratone, and Luciano L.N.U. (Compl. at 1). The only party
whose identity was unknown to Plaintiff was "Luciano," who
Plaintiff identified in the Complaint as "an adult individual .
. . employed by and/or an agent of Defendants Cheer Pack, Guala
Pack NA, and Gualapack." (Id. ¶ 7). Because Plaintiff did not
name any fictitious party defendants, let alone sufficiently
identify the Moving Defendants, he cannot receive the benefit of
the fictitious party rule.

Unlike the fictitious party rule, if the requirements of
N.J. Ct. R. 4:9-3 are met, it "permits the addition of a new
claim or a new party when the original complaint did not
contemplate the need for such an amendment." Viviano v. CBS,
Inc., 503 A.2d 296, 304 (N.J. 1986). The portion of N.J. Ct. R.
4:9-3 at issue here provides for the relation back of an
"amendment changing the party against whom a claim is asserted"
if (1) "the claim or defense asserted in the amended pleading
arose out of the conduct, transaction or occurrence set forth or
attempted to be set forth in the original pleading," and "within
the period provided by law for commencing the action against the
party to be brought in by amendment, that party" (2) "has
received such notice of the institution of the action that the
party will not be prejudiced in maintaining a defense on the
merits," and (3) "knew or should have known that, but for a
mistake concerning the identity of the proper party, the action

10

would have been brought against the party to be brought in by amendment."

There is no dispute that the claims against the Moving Defendants arise out of the same "conduct, transaction, or occurrence" as the claims brought against the improperly named defendants in the Complaint. Moreover, it does not appear that the parties dispute that Plaintiff named the wrong defendants in the Complaint because of a "mistake concerning the identity of the proper party." What this matter turns on is whether the Moving Defendants knew or should have known, within the period provided by either N.J. Ct. R. 4:9-3 or Fed. R. Civ. P. 15(c)(1)(C), about the commencement of this action and that but for a mistake on Plaintiff's part, this action would have been brought against them.[5]

---

[5] Fed. R. Civ. P. 15(c)(1)(C) is nearly identical to N.J. Ct. R. 4:9-3, but provides a different period during which the party being brought in by amendment must have had notice of the action. While N.J. Ct. R. 4:9-3 requires the newly added party to have had notice before the statute of limitations ran—here, August 25, 2017—Fed. R. Civ. P. 15(c)(1)(C) requires that party to have notice "within the period provided by Rule 4(m) for serving the summons and complaint"—90 days from the date the complaint was filed, or November 22, 2017. As noted above, Rule 15(c)(1)(A) provides Plaintiff with the benefit of whichever rule "affords a more forgiving principle of relation back." See Fed. R. Civ. P. 15 Advisory Committee Notes, 1991 Amendment. Here, Plaintiff does not allege or argue that either of the Moving Defendants had the requisite notice in the time provided by either rule. While Plaintiff is closer to satisfying Rule 15(c)(1)(C), he entirely bases his argument for relation back on the New Jersey rule, arguing that New Jersey law is more flexible with regard to the notice requirement. Accordingly, the

It also appears to be undisputed, however, that the Moving Defendants did not have the requisite notice. Plaintiff has not argued—nor does anything in his pleadings suggest—that either of the Moving Defendants had notice, actual or constructive, of his suit before being served with the Amended Complaint. He argues, rather, that although it is explicitly included in the language of N.J. Ct. R. 4:9-3, notice of the action is not required. Notice is inconsequential, Plaintiff argues, because Plaintiff acted reasonably and in good faith, and the Moving Defendants will not be prejudiced by their late addition to this action.[6]

As support for his argument, Plaintiff cites primarily to two New Jersey Superior Court Appellate Division decisions: Walker v. Choudhary, 40 A.3d 63 (N.J. Super. App. Div. 2012) and Aruta v. Keller, 342 A.2d 231 (N.J. Super. App. Div. 1975). In both Walker and Aruta, the trial court granted dismissals to defendants added after the expiration of the statute of limitations, finding that N.J. Ct. R. 4:9-3 did not save the plaintiffs' late claims. Walker, 40 A.3d at 67; Aruta, 342 A.2d

---

Court analyzes the parties' arguments under New Jersey law. The Court notes, however, that it would reach the same result under Fed. R. Civ. P. 15(c)(1)(C).

[6] As set forth above, the Court held a telephonic pre-motion conference on February 7, 2018. During that conference, the Court raised the issue of notice and inquired whether some limited discovery may be necessary on that issue. Despite the Court addressing the issue, Plaintiff has not argued that the Moving Defendants had notice or that he should be entitled to discovery on the issue.

at 233-34. In both cases, the Appellate Division reversed and remanded for further proceedings, and in doing so suggested that the trial judges in those proceedings consider "relaxing" the notice requirement of N.J. Ct. R. 4:9-3. Walker, 40 A.3d at 70; Aruta, 342 A.2d at 235.

These decisions were based on the specific factual scenarios before the court in each case, which, in Walker, included a dispute over whether the newly added defendants had the notice required by N.J. Ct. R. 4:9-3. Specifically, the defendant to be substituted late was a doctor who worked for the same practice as several defendants plaintiff had mistakenly named, at the location where those defendants were served with the initial complaint, and whose deposition testimony contradicted the affidavit she submitted in support of summary judgment regarding when she received notice of the action. Walker, 40 A.3d at 66, 68-69. The trial Judge had gone so far as to state on the record that it was "inexplicable . . . that [the newly added doctor] wouldn't have maybe known about" the suit filed against her colleagues. Id. at 69. Yet, the trial judge did not hold an evidentiary hearing to make a determination on this contested record. The Appellate division reversed and remanded, ordering the trial judge to hold such a hearing and "consider relaxing the rule's application in the interest of justice." Id. at 70-71.

In Aruta, the plaintiff mistakenly named as a defendant Georg Keller when the proper defendant was his brother, Julius Georg Stefan Keller. Aruta, 342 A.2d at 233. The trial judge decided the issue of notice based on an answer to an interrogatory submitted by Julius Georg Stefan Keller in which he indicated that he had not spoken with his brother about the matter until he had been served with an amended pleading naming the proper defendants. Id. at 235. Because the Kellers resided in Germany, their depositions were never taken. Id. The trial judge dismissed the action. The Appellate division held that under "the circumstances of the case at hand," N.J. Ct. R. 4:9-3 was unduly confining, and remanded with directions for the trial judge to hold a trial at which the statute of limitations issue would be resolved first. Id. The Appellate Division also left it to the discretion of the trial judge to include the issue of notice "in the hearing on the applicability of the statute of limitations." Id. at 236.

Walker and Aruta appear to be outliers, and are factually and procedurally distinguishable from this case. Those cases presented situations where notice was at issue and the trial judge resolved the issue without using the procedure favored by the Appellate Division. Here, Plaintiff not only declined to raise the issue of notice, but argued that it was not necessary to the operation of N.J. Ct. R. 4:9-3. Moreover, the

14

relationships of the late-added defendants in Walker and Aruta
with the defendants for whom they were to be substituted were
highly suggestive of notice. Here, Plaintiff presents no such
facts. In addition, the suggestion to "relax" the notice
requirement in these cases was reference to N.J. Ct. R. 1:1-2
which provides that "[u]nless otherwise stated, any rule may be
relaxed or dispensed with by the court in which the action is
pending if adherence to it would result in an injustice." The
trial court decisions in both Walker and Aruta were total
dismissals which would have left the plaintiffs with no
recourse. That may have been the "injustice" the Appellate
Division was concerned about. Here, not only does Plaintiff
still have an active claim against LiDestri, but LiDestri has
filed a third-party complaint against both Moving Defendants for
contribution and indemnification. The Moving Defendants have not
sought the dismissal of the third-party complaint. Thus, even if
Plaintiff's claims against them are dismissed, this case will
remain open, and the Moving Defendants will remain in the case
as third-party defendants.

Moreover, Plaintiff has not pointed to any case—nor has
this Court identified any case—where a New Jersey court, or a
court in this District or this Circuit applying New Jersey law,
actually decided that an amendment adding a new defendant after
the running of the statute of limitations related back to a

timely filed complaint where the newly added party was not on notice of the action within the time period provided by N.J. Ct. R. 4:9-3. There are, however, a number of cases applying the notice requirement. See, e.g., Monaco v. City of Camden, 366 F. App'x 330, 334 (3d Cir. 2010); Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1184 (3d Cir. 1994); Otchy v. City of Elizabeth Bd. of Educ., 737 A.2d 1151, 1156 (N.J. Super. App. Div. 1999), certif. denied, 163 N.J. 79 (2000). "Rule 4:9-3 recognizes the importance of providing notice and avoiding prejudice to the opposing party." Prime Accounting Dep't v. Twp. of Carney's Point, 58 A.3d 690, 702 (N.J. 2013); Kernan v. One Washington Park Urban Renewal Assocs., 713 A.2d 411, 422 (N.J. 1998)("Because there was notice of plaintiff's action, our holding does not offend the policy underlying the statute of limitations . . . ."). It does so by making such notice an express prerequisite of the Rule's application. See Otchy, 737 A.2d at 1156 ("The purpose of that notice provision in the rule is to assure that the added party will not be prejudiced by having to defend a stale claim.").

This Court will not read that express prerequisite out of the rule under the circumstances of this case. The Moving Defendants are "entitled to rely on the repose afforded by the statute . . . [of limitations]" unless they had "such notice of

16

the institution of the action that . . . [they] [would] not be prejudiced in maintaining a defense on the merits." Id. at 1155. Because Plaintiff has not plead any facts that would suggest, nor argued that, the Moving Defendants had notice of this action before the expiration of the statute of limitations—or within the period provided by Fed. R. Civ. P. 15(c)(1)(C)—Plaintiff's claims against the Moving Defendants will be dismissed.

## IV.  Conclusion

For the foregoing reasons, the Moving Defendants' motions to dismiss will be GRANTED and Plaintiff's claims against the Moving Defendants will be DISMISSED as untimely. An Order consistent with this Opinion shall issue on this date.

_s/_Renee Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

DATED: August 29, 2018

17