[Dkt. No. 55]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CHRISTOPHER FLAHERTY, <br><br> Plaintiff, <br><br> v. <br><br> GUALA PACK NORTH AMERICA, INC., et al., <br><br> Defendants. | Civil No. 17-8895(RMB/JS) <br><br> **OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon the Motion to Dismiss ("MTD")[Dkt. No. 55], filed by Third-Party Defendant Shelby Mechanical, Inc. ("Shelby"). Specifically, Shelby's motion seeks the dismissal of the claims asserted in the Third-Party Complaint [Dkt. No. 20] by Defendant/Third-Party Plaintiff Lidestri Foods, Inc. ("Lidestri"), pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, Shelby's Motion to Dismiss will be **GRANTED**, and Shelby will be **DISMISSED** as a Third-Party Defendant in this matter.

I. **BACKGROUND & PROCEDURAL HISTORY**

The Third-Party Complaint, filed by Lidestri, seeks indemnification from Shelby in relation to the underlying claims

asserted in this action by Plaintiff Christopher Flaherty ("Plaintiff"), a former Shelby employee. On August 24, 2017, Plaintiff filed his original complaint in the Superior Court of New Jersey, Camden County (Case No. L-003318-17), seeking damages for injuries sustained during his employment with Shelby. The case was removed to this Court on October 23, 2017 [Dkt. No. 1] and Plaintiff filed an Amended Complaint on December 8, 2017 [Dkt. No. 15], naming Lidestri, GEA Process Engineering Company, Inc. ("GEA"), and Clayton H. Landis Company, Inc. d/b/a CHL Systems ("CHL"), as defendants.

Lidestri is a food, drink, and spirit manufacturer. See Pl.'s Am. Compl., ¶ 2. GEA is an engineering company that, among other things, provides and installs aseptic filling systems for beverage manufacturers and bottlers. Id. at ¶ 3. On March 24, 2015, Lidestri purchased an "ECOSpin 2 Aseptic Filler" (the "Filler"), an "extremely large and heavy" piece of equipment, from GEA. Id. at ¶¶ 2, 10. After purchasing the Filler, Lidestri contracted with CHL to oversee installation. See Third-Party Compl., ¶ 16. In turn, on August 3, 2015 and/or August 11, 2015, CHL contracted with Shelby to provide necessary labor, materials, equipment, and supervision to facilitate installation and rigging of the Filler. Id. at ¶ 17.

In the course of Plaintiff's employment with Shelby, he assisted with the installation of the Filler at Lidestri's food

2

processing facility, located at 1550 John Tipton Boulevard, Pennsauken, New Jersey. See Am. Complaint, at ¶ 9. On August 25, 2015, Plaintiff was injured when the Filler slipped off a dolly and landed on his leg, breaking his leg in multiple places and trapping Plaintiff under the Filler. Id. at ¶ 29. On December 8, 2017, Plaintiff filed his Amended Complaint, asserting negligence claims against Lidestri, GEA, CHL, and John Doe Defendants 1-5. Specifically, Plaintiff alleges that Lidestri, GEA, and CHL, who all played some role in the installation of the Filler, failed to follow or enforce proper safety precautions during the installation of the Filler. Plaintiff does not name Shelby as a defendant.

On December 29, 2017, Lidestri filed the Third-Party Complaint seeking (1) contribution from GEA and CHL and (2) indemnification from GEA, CHL, and Shelby. See Third-Party Compl., at 6-8. Now, Shelby moves to dismiss Lidestri's common law and contractual indemnification claims under Fed. R. Civ. P. 12(b)(6).

II. **LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

3

662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## III. DISCUSSION

In its Motion to Dismiss, Shelby argues that Lidestri's common law and contractual indemnification claims are barred by the exclusive remedy provision of the Workers' Compensation Act (the "Act"). Under New Jersey law, "the exclusive-remedy provision of the Workers' Compensation Act precludes a claim for contribution against an employer whose concurring negligence contributed to the injury of an employee." Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 103 N.J. 177, 185 (1986).

In response to Shelby's motion, Lidestri argues that its indemnification claims against Shelby are permissible under two recognized exceptions to the Act. See Lidestri's Brief in Opposition to Shelby's MTD ("Opp. Br.")[Dkt. No. 58], at 4-5. First, Lidestri notes that a third-party "may obtain indemnification where that course is specifically permitted by way of an express contract." See Port Auth. of New York & New Jersey v. Honeywell Protective Servs., Honeywell, Inc., 222 N.J. Super. 11, 19 (App. Div. 1987). Second, Lidestri argues that "a third-party may seek recourse against an employer under the theory of implied indemnification." See id. at 20. The Court finds that neither of these exceptions are applicable.

### A. Contractual/Express Indemnification

First, Lidestri claims that Shelby is "contractually required to indemnify [Lidestri]." See Third-Party Compl., at ¶ 27. Indeed, "[n]othing in the Act precludes an employer from assuming a contractual duty to indemnify a third party through an express agreement." See Ramos, 103 N.J. at 191. However, Shelby argues that "no written contract has been produced by Lidestri or any other party requiring contractual indemnification and no such contract exists." See MTD, at 5. Lidestri maintains that further discovery is necessary to identify any contractual indemnification clauses. Opp. Br., at 5. This Court disagrees with Lidestri.

In support of its motion, Shelby notes that Lidestri's complaint specifically references contracts between Shelby and CHL on or about "August 3, 2015, and/or August 11, 2015." Third-Party Compl., at ¶ 17. Accordingly, as an exhibit to its Reply Brief [Dkt. No. 59], Shelby attaches the August 3, 2015 and August 11, 2015 proposals and purchase orders between Shelby and CHL. See Dkt. No. 59, at 10-23. Shelby correctly points out that neither of these referenced documents contain any indemnification provision. See Reply Br., at 3.

Lidestri's Third-Party Complaint references agreements between Shelby and CHL on two specific dates and the documents corresponding to those allegations clearly do not contain any

6

indemnification provision.  As a general rule, a district court ruling on a motion to dismiss may not consider documents extraneous to the pleadings. See In re Rockefeller Ctr. Properties, Inc. Securitites Litig., 184 F.3d 280, 292 (3d Cir. 1999)(citing In Re Burlington, 114 F.3d at 1426). However, documents "integral to or explicitly relied upon in the complaint" maybe considered "without converting the motion to dismiss into one for summary judgment." See id. (citing In Re Burlington, 114 F.3d at 1426).

Because the August 3, 2015 and the August 11, 2015 agreements were explicitly referenced in the Third-Party Complaint and are integral to the contractual indemnification claim, the Court will consider them on this motion to dismiss. Although the August 3, 2015 and August 11, 2015 agreements were attached as exhibits to Shelby's Reply Brief, rather than its motion to dismiss, this Court sees no reason why it should not consider documents that were clearly referenced in the Third Party-complaint. See In Re Burlington, 114 F.3d at 1426 ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them"); see also Rao v. Anderson Ludgate Consulting, LLC, 2017 WL 684517, at *2, n. 3 (D.N.J. Feb. 21, 2017)(granting motion to dismiss breach of contract claim after

finding that document attached as exhibit to reply brief did not contain an anti-solicitation provision).

Lidestri suggests that discovery is necessary to unearth additional agreements containing an indemnification provision, however, the Third-Party Complaint does not allege the existence of any additional agreements. Rather, the allegations pertaining to Shelby, in the Third-Party Complaint, are limited to the August 3, 2015 and August 11, 2015 agreements, which do not provide for indemnification. As articulated by other courts in this district, "reliance on future discovery to uncover a possible basis for indemnification is not a ground to survive a motion to dismiss." Katz v. Holzberg, 2013 WL 5946502, at *5 (D.N.J. Nov. 4, 2013); see also Ogbin v. GE Money Bank, 2011 WL 2436651, n. 3 (D.N.J. June 13, 2011)("A plaintiff's request for discovery cannot serve as a basis to deny a defendant's motion to dismiss, as the filing of such a motion serves to protect a defendant from being subjected to discovery, during which a plaintiff hopes that facts will be unearthed to support plaintiff's speculation."); Giovanelli v. D. Simmons Gen. Contracting, 2010 WL 988544, at *5 (D.N.J. Mar. 15, 2010) ("Discovery ... cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded").

As neither the August 3, 2015 nor the August 11, 2015 documents include any indemnification language, and Lidestri has not alleged the existence of any additional agreements to which Shelby was a party, this Court must dismiss Lidestri's contractual indemnification claim.

**B. Implied Indemnification**

Next, Lidestri claims that Shelby is "liable to Third-Party Plaintiff by way of indemnification, common law or otherwise." Third-Party Compl., at ¶ 17. Regarding implied indemnification, Shelby argues that "there are no allegations in the third-party complaint which would support any such claim." Reply Br., at 4. This Court agrees with Shelby.

For a third-party to recover on a theory of implied indemnification by an employer, the third-party must establish that a "special legal relationship exists between the employer and third party, and the liability of the third party is vicarious." Ramos, 103 N.J. at 189. For a relation to be a "special legal relationship" it must be "sufficient to impose certain duties and [such that] a subsequent breach of those duties permits an implied indemnification." See Rao, 2017 WL 684517, at *4 (quoting Katz v. Holzberg, 2013 WL 5946502, at *3). Furthermore, "implied indemnification by way of a special relationship is a 'narrow doctrine' that is not frequently

stretched beyond the examples of principal-agent, employer-employee, lessor-lessee, and bailor-bailee." Katz v. Holzberg, 2013 WL 5946502, at *3.

In this case, Lidestri has not alleged the existence of any special relationship between itself and Shelby.  In response to the Motion to Dismiss, Lidestri argues that "[d]iscovery is needed to determine the relationships between all parties, including Lidestri, Shelby, CHL and GEA." See Opp. Br., at 5.  The Court finds this argument unpersuasive and will not allow the issue, unsupported by any substantive allegations in the Third-Party Complaint, to proceed to discovery based on pure speculation.

Even reviewing the third-party claims in the light most favorable to Lidestri, the underlying facts alleged in the Third-Party Complaint suggest nothing more than a business relationship between the parties.  Courts have previously noted that a "longstanding business relationship" is not enough to show that a special legal relationship exists for indemnification purposes. See Rao, 2017 WL 684517, at *4.  As noted by the Supreme Court of New Jersey, "the relationship between vendor and vendee will not support a claim for implied indemnification by a third-party vendor against an employer-vendee." Ramos, 103 N.J. at 189; see also Carpenter v. World Kitchen, LLC, 2015 WL 4647963, at *2 (D.N.J. Aug. 5, 2015)("A

contractual relationship does not create this [special] relationship, nor does a vendor-vendee relationship"). Indeed, "implied indemnification, in the absence of an independent duty, would subvert the legislative intent to restrict the employer's liability to the Workers' Compensation Act." Id.

In the absence of any allegations of a special relationship between the parties, let alone any allegations of underlying facts sufficient to support a special relationship, this Court must dismiss Lidestri's implied indemnification claim against Shelby.

## IV. CONCLUSION

For the foregoing reasons, Third-Party Defendant Shelby's Motion to Dismiss will be **GRANTED**. Accordingly, Defendant/Third-Party Plaintiff Lidestri's claims against Shelby will be **DISMISSED**. An Order consistent with this Opinion shall issue on this date.

DATED: March 27, 2019

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE